Per Curiam.
In granting the re-argument of this appeal, Justice Daly delivered the following opinion ; “As the defendants, in their written agreement, expressly agreed to pay $127.50 for the safe which they ordered to be sent, and defendants refused to receive and pay for it, I cannot see any objection to the recovery of the price. The fact that it was also stipulated in the same written agreement that the title to the safe should not pass until the whole price was paid cannot affect plaintiff’s right to recover upon the express agreement to pay, because the latter is an independent stipulation. The fact that the price was to be paid in installments, ten dollars down and ten dollars per month, does not affect the right of recovery. The same written agreement provides that all the installments shall become due upon default in paying one, and the option given thereupon to the plaintiff, to remove the safe, does not cancel the obligation to pay them when they so become due. It hardly seems necessary to cite authorities in support of the claim made by the plaintiff. The agreement to pay is enforceable in the same way that a promissory note would be if the promise to pay for the safe had been contained in such an instrument, instead of in this contract. It would be no defense to the note to say that the vendors and vendees had expressly stipulated that the title to the safe should not pass until the note was paid. Parties have the right to make any agreement they please, so long as they do nothing in violation of law. They might have agreed that the possession, as well as the title, of the safe should be the plaintiff’s until the price was paid, and if there was an express agreement to pay the price, it would be recoverable, because that would be the contract.”
This opinion is satisfactory to us, and we are willing to adopt it as our decision of the question presented by this appeal.
This leads to a reversal of the judgment and a new trial, with costs to abide the event.